**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LORENZO FORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-06-394-R** |
| | ) | |
| **TERRY JENKS,** | ) | |
| | ) | |
| **Defendant .** | ) | |

**ORDER**

Plaintiff, a state prisoner appearing pro se, filed this action pursuant to 42 U.S.C. §

1983, alleging the violation of his constitutional rights.   Pursuant to 28 U.S.C. §

636(b)(1)(B), this matter was referred to United States Magistrate Judge Valerie K. Couch

for preliminary review.   On December 22, 2006, Judge Couch issued a Report and

Recommendation wherein she recommended that Defendants' Motion for Summary

Judgment be granted.  The matter is currently before the Court on Plaintiff's objection to the

Report and Recommendation.

As a matter of statutory and constitutional law, the Court undertakes de novo review

of those portions of the Report and Recommendation to which specific objection has been

made. *See*, 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10

Cir.1991).  The Court applies a "firm waiver rule," which holds "that a party's objection to

the magistrate judge's report and recommendation must be both timely and specific to

preserve an issue for de novo review by the district court or for appellate review." *United*

*States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996).

Plaintiff, who is serving a life sentence after revocation of parole, filed this action asserting that the Oklahoma parole procedures, as applied to him, are unconstitutional. Plaintiff raised four claims, and Judge Couch recommended that summary judgment be granted to Defendant Jenks and Daniels, the Director and Deputy Director of the Oklahoma Pardon and Parole Board, on each of Plaintiff's claims.   Plaintiff objects to the recommendation.

In Count I Plaintiff alleges that the Defendants' failure to retroactively apply Department of Corrections' Policy OP-161002 to his case violated his constitutional rights. Judge Couch noted that Policy OP-161002 applies to persons released on probation, not on parole.  In his objection, Plaintiff cites to Okla. Stat. tit. 57 § 516(B), which permits the Department of Corrections, at its discretion, to place parole violators into an intermediate sanctions facility in lieu of revocation.  The potential applicability of § 516(B) does not diminish the strength of Judge Couch's recommendation that summary judgment be granted to the Defendants.  Under its terms, OP-061002 applies to people released on probation, and Plaintiff was never sentenced to a term of probation.  Plaintiff's objection is not well taken, and the Report and Recommendation is adopted with regard to Count I.

In Count II, Plaintiff alleges that the Defendants' failure to place him an in intermediate sanction facility rather than revoke his parole violated his due process rights. In recommending that summary judgment be granted to the Defendants, Judge Couch noted that Okla. Stat. tit. 57 § 516 grants the Department of Corrections discretion to place a parole violator in an intermediate sanctions facility.  The Defendants herein are not part of the

Department of Corrections, rather they are members of the Pardon and Parole Board, which has no role in the decisions to be made under § 516. Plaintiff does not specifically object to Judge Couch's recommendation, arguing instead that § 516 should be retroactively applied. Because the Defendants are not couched with any responsibility or authority under § 516, they are entitled to summary judgment on Count II of the complaint.

In Count III, Plaintiff alleges that he was denied a due process hearing prior to the revocation of his parole on May 22, 2000. According to the Defendants' brief and the exhibits in support thereof, Plaintiff had probable cause hearing on the revocation on March 30, 1999, and an executive revocation hearing on March 23, 2000. In responding to the Defendants' motion for summary judgment Plaintiff did not respond to this argument, nor did he present any evidence to contradict the evidence presented by the Defendants that he had these hearings. Plaintiff now argues that "never received a due process hearing when his confinement was restricted in its custody for technical violations."

The Court notes that the Defendants raised a statute of limitations defense, arguing that Plaintiff's claims would be barred by the two-year statute of limitations period applicable to claims under 42 U.S.C. § 1983. Plaintiff's parole was revoked on May 22, 2000, and he did not file this action until April 7, 2006, far beyond the statutory period for pursuing such a claim. Additionally, Plaintiff has not presented any evidence to contradict the records supplied by the Defendants that establish that a probable cause hearing took place on March 30, 1999 and an executive revocation hearing was conducted on March 23, 2000. Accordingly, as found by Judge Couch, Defendants are entitled to summary judgment on

Count III of the amended complaint.

In Count IV, Plaintiff alleges that his rights were violated because the State applies a 1997 amendment to Okla. Stat. tit. 57 § 332.7 in scheduling his parole hearings.  As a result, Plaintiff is not being considered for parole as frequently as he would have been under the pre-amendment version of § 332.7.  Plaintiff argues that this change violates the Ex Post Facto Clause.  Judge Couch recommended that summary judgment be granted to the Defendants on this claim both on the merits and on the basis of the statute of limitations. Although Plaintiff includes a section to address Count IV in his objection, he does not present any specific objection.  Rather, he presents a string citation, citing statutes and cases that do not support the merits of his claim.  Accordingly, the Report and Recommendation is adopted with regard to Count IV.

For the reasons set forth herein, Defendants are entitled to summary judgment on Plaintiff's claims.  The Report and Recommendation issued by Judge Couch on December 22, 2006, is hereby ADOPTED.  Judgement shall be entered in favor of the Defendants.

**IT IS SO ORDERED** this 21st day of February 2007.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE